**Kirt Douglas WAINWRIGHT, Petitioner,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

**No. 96–8168.**

United States Court of Appeals, Eighth Circuit

Jan. 2, 1997.

Craig Lambert, Little Rock, AR, for Petitioner.

Kelly K. Hill, Deputy Attorney General, Little Rock, AR, for Respondent.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

---

## ORDER

Kirt Douglas Wainwright has filed a motion for authorization to file a second habeas petition in the district court. *See* Antiterrorism and Effective Death Penalty Act of 1996 (the Act), § 106(b), Pub.L. No. 104–132, 110 Stat. 1217 (1996) (to be codified at 28 U.S.C. § 2244(b)). We deny Wainwright's motion.

In Wainwright's first habeas action, the district court granted Wainwright relief on the ground that the State's brief cross-examination of Wainwright about "the Bloods" and a "Blood handbook," actually a handwritten copy of an Islamic text, violated his First and Fourteenth Amendment rights under *Dawson v. Delaware,* 503 U.S. 159, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992). *Wainwright v. Norris,* 872 F.Supp. 574, 619 (E.D.Ark.1994). Wainwright asserts that "[i]n his first round of habeas proceedings, ... [he] also claimed that the State's conduct amounted to the presentation of false evidence and false argument in violation of due process." Wainwright's Motion for Authorization to File Second Habeas Petition, No. 96–8168, at 2 (8th Cir. Dec. 19, 1996). Having granted Wainwright relief under *Dawson,* the district court did not decide Wainwright's due process claim. On appeal to this court, the State of Arkansas asked us to reverse the district court's grant of habeas relief under *Dawson.* We did, holding the two improper cross-examination questions and display of the handbook's cover did not fatally infect the penalty phase of Wainwright's trial and render it fundamentally unfair. *Wainwright v. Lockhart,* 80 F.3d 1226, 1234 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 395, 136 L.Ed.2d 310 (1996).

Wainwright now seeks a second habeas action to challenge the "Bloods" questioning as false evidence violative of due process. Because Wainwright presented the same claim in his first habeas proceeding, § 2244(b)(1) prevents him from raising the claim again in a second habeas petition. The amended statute discards the pre-Act concept of "abuse of the writ" in favor of more restrictive standards. *See Benton v. Washington,* 106 F.3d 162, 163 (7th Cir. 1996); *see also Felker v. Turpin,* —— U.S. ——, ——, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996).

The amended statute provides, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1) (as amended). Wainwright's due process claim falls within the plain language of § 2244(b)(1). The amended statute precludes any claim "presented" in the first action, rather than "adjudicated" "on the merits" in the first action, as the pre-Act version of § 2244(b) provided. *See* 28 U.S.C. § 2244(b) (1994); *Camarano v. Irvin,* 98 F.3d 44, 46 (2d Cir. 1996). As commonly understood, the term "present" means "to lay or put before a person for acceptance." *Webster's Third New International Dictionary* 1793 (1981). Wainwright presented the due process claim to the district court in the first habeas proceeding. In addition, the petition Wainwright seeks to file is a second or successive petition within the meaning of the Act. It raises claims concerning the same conviction that his earlier petition addressed, *see Liriano v. United States,* 95 F.3d 119, 121 (2d Cir.1996), and Wainwright's first habeas petition was not dismissed without prejudice for failure to exhaust state remedies, *see Camarano,* 98 F.3d at 47.

Wainwright blames the district court and this court for overlooking the due process issue in his first habeas proceeding, and states our refusal to permit consideration of the issue now "will send Wainwright to his death based on a judicial oversight that was not even of his own making or that of his lawyers." Wainwright is pointing an accusatory finger in the wrong direction. Although Wainwright argued the issue in post-trial briefs, the district court did not decide the issue because the court granted Wainwright the relief he sought on another ground. In this circumstance, a familiar rule of trial practice places on Wainwright's shoulders the responsibility to obtain a ruling on any issue left unaddressed by the district court. Wainwright should have pressed the district court for a ruling on the due process issue, paving the way for our review in his first habeas appeal. We thus reject the kind of

piecemeal habeas litigation Wainwright advocates.

Additionally, Wainwright failed to raise the due process issue in his first habeas appeal. Once the State attacked his success on the *Dawson* claim, Wainwright had an obvious need to bring the "overlooked" due process claim, which he now deems so meritorious, to our attention as an alternative ground for affirmance. Wainwright neither complained that the district court overlooked the due process claim nor requested any remedial action. Rather than ask us to decide the issue ourselves or to remand the issue for the district court's consideration, Wainwright merely mentioned the issue in a single sentence within his *Dawson* argument, in the context of explaining the district court proceedings. Wainwright simply stated that in the district court, he had alleged the prosecutor presented false evidence and argument in violation of due process by creating the impression that Wainwright was a gang member. This was not enough to bring the "oversight" to our attention, much less raise the issue and expect us to rule on it.

Because Wainwright cannot satisfy the requirements of 28 U.S.C. § 2244(b)(1), as amended, we deny his motion for authorization to file a second habeas petition with the district court. Our decision does not effectively deny Wainwright federal habeas review of his due process claim. Wainwright had his opportunity to seek adjudication of the claim in the first habeas proceeding, but did not pursue a decision on the merits. We also deny Wainwright's motion for a stay of execution because there are no substantial grounds on which relief might be granted by this court. *Delo v. Stokes*, 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (per curiam). Of course, our action is without prejudice to any executive clemency that Wainwright may seek from the Governor of Arkansas.