United States Court of Appeals,

Fifth Circuit.

No. 96-11016

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Allen RESSLER, Defendant-Appellant.

Sept. 22, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

On March 7, 1996, Ressler, federal prisoner No. 22047-077, filed the instant 28 U.S.C. § 2255 motion, which was his second. Ressler argued that his two prior convictions for "house breaking" were not burglaries and thus not "crimes of violence" as defined under 18 U.S.C. § 924(e). He contended that he had not presented this claim earlier because his counsel had not investigated the nature of the prior convictions and he did not learn of the statutory definition until after he had filed his first § 2255 motion.

The government answered and argued that Ressler was procedurally barred from raising this issue because he could have raised it on direct appeal or in his first § 2255 motion but he had not done so and had not shown either cause or prejudice for the default. The government further argued that his claim was meritless because the elements of "house breaking" satisfied the

elements of "generic burglary" as defined in *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 2158-59, 109 L.Ed.2d 607 (1990), and his convictions were thus crimes of violence under § 924(e).

The district court dismissed Ressler's successive § 2255 motion because Ressler had not first obtained permission from a Judge of the Court of Appeals to file a successive § 2255 as required by the provisions of AEDPA, enacted on April 24, 1996. 28 U.S.C. § 2244(b)(3)(A). The district court applied the amended version of § 2244 to Ressler's successive § 2255 motion even though Ressler filed his motion before the AEDPA was signed.

Ressler timely appealed and requested this Court to issue a Certificate of Appealability (COA). This Court granted Ressler a COA limited to the question of the district court's application of AEDPA to his pending § 2255 motion. On June 23, 1997, the Supreme Court issued its opinion in *Lindh v. Murphy,* --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), which establishes the rules and criteria for determining whether the provisions of AEDPA would be applied to cases pending prior to the effective date of that Act. On July 14, another panel of the Fifth Circuit held that under *Lindh v. Murphy* the requirement for certification by the Court of Appeals of a successive application under § 2255 does not apply because the petitioner's application was pending on April 24, 1996, the date AEDPA was enacted. *Williams v. Cain*, 117 F.3d 863 (5th Cir.1997). Ressler's petition in this case was likewise pending on the effective date of AEDPA.

2

Accordingly, the judgment of the district court is VACATED and this case is REMANDED to the district court for further proceedings under the law as it existed prior to the adoption of AEDPA.