**STATE of Iowa, Appellee,**

v.

**Charles L. CHADWICK, Appellant.**

No. 96–1326.

Court of Appeals of Iowa.

July 31, 1998.

David A. Poore, Council Bluffs, and Forrest E. Ebersold of Ebersold Law Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Richard Crowl, County Attorney, and Chris Wilson, Assistant County Attorney, for appellee.

Considered by CADY, C.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

Charles Chadwick appeals the denial of his motion to correct an illegal sentence. As we find Chadwick's action is actually one for postconviction relief which both fails on the merits and is time-barred, we affirm.

**Background facts.** In 1981 Chadwick was charged with two counts of first-degree murder. Chadwick was informed of his right to court-appointed counsel but chose to retain his own counsel, namely Anthony Troia of Omaha, Nebraska. A jury found Chadwick guilty as charged and he was sentenced to life in prison for both offenses. Troia represented Chadwick at trial, sentencing, and on direct appeal where his convictions were affirmed. *See State of Iowa v. Chadwick*, 328 N.W.2d 913 (Iowa 1983).

Chadwick raised ineffective assistance of counsel claims in a postconviction action which was dismissed and affirmed by this court on appeal and in a federal habeas corpus action which was denied and affirmed on appeal. *See Chadwick v. State*, 446 N.W.2d 818 (Iowa App.1989); *Chadwick v. Iowa*, 951 F.2d 863 (8th Cir.1991), *cert. denied*, 504 U.S. 922, 112 S.Ct. 1971, 118 L.Ed.2d 571 (1992). During those proceedings, Attorney Troia revealed in a deposition that while he had been licensed to practice in Nebraska at the time of Chadwick's trial, he had not been admitted to practice law in Iowa. However, in neither instance did Chadwick raise a claim related to Troia's qualifications to represent him in Iowa courts.

In August 1995, Chadwick filed a motion pursuant to Iowa Rule of Criminal Procedure 23(5)(a), claiming his sentences were illegal because he was effectively denied his sixth amendment right to counsel. In support of his motion, he stated that Troia had not been licensed to practice in Iowa and had not followed statutory requirements for pro hac vice admission. The district court denied the motion on several grounds. Chadwick now appeals.

**Scope of review.** We review challenges to the legality of a sentence for errors at law. *See State v. Davis*, 544 N.W.2d 453, 455 (Iowa 1996). However, if we find Chadwick is actually asserting a claim for postconviction relief based on the alleged denial of his constitutional right to counsel, we make an evaluation based on the totality of the circumstances, which is equivalent to a de novo review. *See State v. Wissing*, 528 N.W.2d 561, 563 (Iowa 1995).

■ **Illegal sentence vs. postconviction relief.** Chadwick contends that having unlicensed counsel is equivalent to having no counsel, and therefore it was beyond the authority of the trial court to impose the sentences. However, the State asserts that Chadwick is attempting to avoid the statute of limitations under Iowa Code section 822.3 for postconviction relief by impermissibly casting his claim as a motion to correct an illegal sentence under Iowa Rule of Criminal Procedure 23(5)(a).

Iowa Rule of Criminal Procedure 23(5)(a)provides that the court may correct an illegal sentence at any time. Rule 23(5)(a) is patterned after the pre–1966 version of rule 35 of the Federal Rules of Criminal Procedure. The leading case interpreting rule 35, prior to 1966, was *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), in which the Supreme Court discussed the scope of the rule as follows:

> "[A]s the Rule's language and history make clear, the narrow function of rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that proscribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."

*Hill,* 368 U.S. at 430, 82 S.Ct. at 472, 7 L.Ed.2d at 422; *see also State v. Wilson,* 294 N.W.2d 824, 825 (Iowa) *(quoting Hill).* In *Wilson,* the Iowa Supreme Court declined to expand rule 23(5)(a) to encompass redress for underlying procedural defects, stating that to do so "would open up a virtual Pandora's box of complaints with no statutorily prescribed procedures for their disposition nor any time limits for their implementation." *Wilson,* 294 N.W.2d at 825.

We share the same concerns in this case. Chadwick does not contend that his sentences were outside the statutory range or that impermissible factors were considered in sentencing. In fact, the sentences imposed by the court were mandatory.[1] Instead, he argues that because he was, in his opinion, unrepresented by counsel, the court's sentences were unconstitutional.

We find Chadwick's complaint is actually a sixth amendment right to counsel claim which should have been raised in an application for postconviction relief under Iowa Code section 822.2(1) (1997). That section provides postconviction relief for an applicant

where: "The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state." Iowa Code § 822.2(1) (1997).

***Statute of limitations under chapter 822.*** Iowa Code section 822.3 (1997) provides that, with an exception that is inapplicable to this case, applications for postconviction relief:

> must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However,this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Prior to July 1, 1984, an application for postconviction relief could be filed at any time. *See* Iowa Code § 663A.3 (1983); *Brewer v. Iowa Dist. Ct.,* 395 N.W.2d 841, 842 (Iowa 1986). In *Brewer,* the supreme court held that all potential applicants whose convictions became final prior to the enactment of the three-year statute of limitations were required to file their applications for postconviction relief on or before three years from enactment of the statute (June 30, 1987) or be barred from relief. *Brewer,* 395 N.W.2d at 844.

Chadwick's direct appeal from his convictions was final in 1983; he filed the present action in August of 1995. We therefore find Chadwick's claim is barred pursuant to section 822.3 and *Brewer.*

Moreover, while Troia was admittedly not licensed in Iowa and failed to formally apply for pro hac vice admission in order to represent Chadwick, we reject the suggestion that this technical defect left Chadwick without representation. We also decline to find that this defect amounts to per se ineffective assistance of counsel. Although the issue does not appear to have been addressed in Iowa before, other courts have found that representation of a criminal defendant by an otherwise licensed attorney who is not admitted to practice before a particular court, and who failed to follow procedures in order to appear before that court, does not constitute

---

1. Chadwick was convicted of two counts murder in the first degree, a class "A" felony. *See* Iowa Code § 707.2 (1981). Pursuant to Iowa Code section 902.1 (1981), he received two mandatory life sentences.

per se ineffective assistance of counsel. *See, e.g., Derringer v. United States,* 441 F.2d 1140, 1140–41(8th Cir.1971) (per curiam); *United States v. Bradford,* 238 F.2d 395 (2d Cir.1956), *cert. denied,* 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957) & 356 U.S. 927, 78 S.Ct. 717, 2 L.Ed.2d 759 (1958); *People v. Cornwall,* 3 Ill.App.3d 943, 277 N.E.2d 766, 767–68 (1971).

Having considered all other arguments raised on appeal and finding them to be without merit, we affirm the district court's denial of Chadwick's motion.

**AFFIRMED.**