# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1586
_____

James D. Vancleave,                          *
                                             *
   Petitioner - Appellant,                   *
                                             *   Appeal from the United States
v.                                           *   District Court for the
                                             *   Eastern District of Arkansas.
Larry Norris, Director, Arkansas             *
Department of Correction,                    *
                                             *
   Respondent - Appellee.                    *

_____

Submitted: March 5, 1998
Filed: July 31, 1998
_____

Before McMILLIAN, BEAM, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

James D. Vancleave was convicted of capital murder in 1978 and is serving a life sentence without possibility of parole. After exhausting state court remedies, Vancleave filed a *pro se* federal habeas petition in 1984, which the district court dismissed in January 1987. In June 1996, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), Vancleave filed this habeas petition under 28 U.S.C. § 2254. The district

court[1] dismissed the petition, concluding it is successive for purposes of § 106(b) of AEDPA, now codified at 28 U.S.C. § 2244(b). Vancleave appeals. We affirm.

In response to Vancleave's first habeas petition, the district court appointed counsel. Counsel filed an amended petition that dropped all claims raised by Vancleave *pro se* and raised a jury selection issue. After the Supreme Court decided that issue adversely to Vancleave in Lockhart v. McCree, 476 U.S. 162 (1986), counsel advised the district court the petition should be dismissed, commenting that Vancleave's initial *pro se* petition "could not survive the presumptive correctness of the state appellate rulings." Vancleave then wrote the court objecting to counsel's action in dropping his *pro se* claims. In January 1997, the court dismissed the petition with prejudice. Vancleave did not appeal that ruling. In March 1988, he filed a belated petition for rehearing which the district court denied.

In June 1996, Vancleave filed this second habeas petition, seeking to raise a variety of issues, including some raised in his original *pro se* petition. The district court dismissed the petition because it is a second or successive petition filed without the court of appeals authorization required by AEDPA. See 28 U.S.C. § 2244(b)(3). Vancleave appealed, arguing the petition is not successive because counsel abandoned his original *pro se* claims, and also filing a protective motion for authorization to file a successive petition. After we remanded for further fact determinations, the district court found that Vancleave did not know counsel had abandoned his claims until June 1986 and did not consent to the abandonment. We then granted a certificate of appealability to consider "whether or not the petitioner's pending habeas petition is a successive petition in light of Murray v. Delo, 34 F.3d 1367, 1373-74 (8th Cir. 1994),

---

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, adopting the proposed findings and recommended disposition of the HONORABLE JERRY CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas.

[cert. denied, 515 U.S. 1136 (1995)], and Smith v. Armontrout, 888 F.2d 530, 541 (8th Cir. 1989)."

## I.

AEDPA's restrictions on successive habeas petitions govern this petition because it was filed two months after the statute's effective date. See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997); Tiedeman v. Benson, 122 F.3d 518, 521 (8th Cir. 1997). Those restrictions include 28 U.S.C. § 2244(b)(3)(A), which requires circuit court authorization for successive habeas petitions:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

These restrictions are not an unconstitutional suspension of the writ of habeas corpus. See Felker v. Turpin, 518 U.S. 651, 664 (1996); Denton v. Norris, 104 F.3d 166, 167 (8th Cir. 1997).

Vancleave argues this is not a "second or successive" petition requiring circuit court authorization because his attorney abandoned the initial *pro se* claims without Vancleave's consent. He relies on the pre-AEDPA cases of Murray v. Delo and Smith v. Armontrout, which held that a successive petition should not be dismissed as an abuse of the writ if the earlier petition was "filed and litigated" by counsel without the habeas petitioner's "knowledge, participation, or authorization." 888 F.2d at 541.

The Supreme Court has recently construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, instead recognizing that some types of "second" petitions do not implicate the judicially

-3-

developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 118 S. Ct. 1618 (1998).[2] In Stewart, the Court held that § 2244(b)(3)(A) authorization was not required because petitioner's claim that he was incompetent to be executed, see Ford v. Wainwright, 477 U.S. 399 (1986), had been raised in his earlier petition but dismissed as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." 118 S. Ct. at 1621. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now." 118 S. Ct. at 1622. The Court expressly noted that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 118 S. Ct. at 1622. The Court's approach in Stewart suggests that pre-AEDPA abuse-of-the-writ cases are important in construing the term "second or successive."

---

[2]Stewart is consistent with our sister circuits' holdings that a later petition is not "second or successive" under AEDPA where petitioner's earlier petition was dismissed for failure to exhaust state post-conviction remedies, see Carlson v. Pitcher, 137 F.3d 416 (6th Cir. 1998); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997); In re Gasery, 116 F.3d 1051 (5th Cir. 1997); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997); In re Turner, 101 F.3d 1323 (9th Cir. 1997); Dickinson v. Maine, 101 F.3d 791 (1st Cir. 1996); Camarano v. Irvin, 98 F.3d 44, 46 (2nd Cir. 1996); where the earlier petition was rejected for a technical error such as failing to pay a filing fee, see Benton v. Washington, 106 F.3d 162 (7th Cir. 1996); where the earlier petition was mislabeled, see Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997); or where the factual predicate for a later claim could not have been raised in the earlier petition, as when the later petition challenges aspects of the judgment amended as a result of the earlier petition, see Esposito v. United States, 135 F.3d 111, 113 (2nd Cir. 1997); United States v. Scott, 124 F.3d 1328 (10th Cir. 1997).

Viewed from this perspective, we think it clear that § 2244(b) applies to Vancleave's second petition because it is abusive and successive as those terms were defined, prior to AEDPA, in cases such as McCleskey v. Zant, 499 U.S. 467, 487-92 (1991). Vancleave's first petition was dismissed with prejudice, based upon counsel's representation that neither the *pro se* claims nor the claim foreclosed by Lockhart v. McCree had merit. Thus, the *pro se* claims were adjudicated on the merits. The petition did not fall within the Smith v. Armontrout exception to the pre-ADEDPA bar on successive petitions because it was not "filed and litigated" by counsel. Vancleave filed the petition. When he belatedly learned that appointed counsel had abandoned the *pro se* claims, Vancleave promptly protested to the district court. But he did not appeal that court's dismissal, nor did he timely petition for rehearing. His second petition -- filed nearly ten years later -- is an amalgam of claims initially raised *pro se* and new claims that could have been raised in the earlier habeas proceeding but were not. This petition is a "second or successive application" under any reasonable construction of § 2244(b) and therefore requires prior circuit court authorization.

## II.

Vancleave filed a protective motion with this court for authorization to file a second or successive petition in the district court. Having concluded such authorization is required, we turn to that motion. Section 2244(b)(3)(C) provides that we may grant such a motion "only if [we] determine that the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). Vancleave seeks authorization to raise both claims that were raised in his initial *pro se* petition and claims that were never raised in the first habeas proceeding. Those two types of claims are governed by different standards.

First, § 2244(b)(1) provides that "a claim presented in a second or successive habeas . . . application . . . that was presented in a prior application shall be dismissed." The question whether claims were "presented" in Vancleave's initial *pro se* petition is

controlled by our decision in <u>Wainwright v. Norris</u>, 121 F.3d 339, 340 (8th Cir. 1997). There, petitioner sought § 2244(b)(3) authorization for a claim raised in his initial habeas petition but not addressed by the district court in granting relief on another ground, nor by this court in reversing. We denied the motion for authorization, concluding Wainwright "presented" the claim in the first habeas proceeding, failed to press the district court for a ruling, and then failed to raise the issue on appeal. 121 F.3d at 340-41. Likewise, Vancleave's initial *pro se* claims were presented to the district court. They were included in that court's dismissal of the first habeas petition with prejudice, and like Wainwright, Vancleave failed to raise their dismissal in a timely petition for rehearing or on appeal. Accordingly, they are barred by § 2244(b)(1), and the motion for authorization must be denied as to these claims.

Second, § 2244(b)(2) provides that claims that were not presented in the earlier habeas application "shall be dismissed" unless they rely on a new, retroactive, previously unavailable rule of constitutional law, or unless their factual predicate could not have been discovered previously through the exercise of due diligence and, if proved, they would establish petitioner's innocence. This is a more restrictive standard than the cause and prejudice/actual innocence standard for excusing abuse of the writ under prior law. <u>See</u> <u>United States v. Fallon</u>, 992 F.2d 212, 213 (8th Cir. 1993) (construing <u>McCleskey v. Zant</u>). Vancleave does not argue that any of his new claims meet this exacting standard. Our independent review of these claims confirms that they would have to be dismissed under § 2244(b)(2) and therefore do not warrant authorization to file a second or successive petition.

The judgment of the district court dismissing Vancleave's second or successive habeas petition is affirmed. His motion to this court for authorization to file a second or successive petition in the district court is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.