Johnie Michael COX, Petitioner,

v.

Larry NORRIS, Director, Arkansas Department of Correction, Respondent.

No. 99–1356.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1999.

Decided Feb. 16, 1999.

Craig Lambert, Little Rock, AR, argued, for Petitioner.

Joseph Svoboda, Asst. Atty. Gen., Little Rock, AR, argued, for Respondent.

Before: McMILLIAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.

## ORDER

Petitioner Cox is scheduled to be executed on Tuesday, February 16, 1999. On Saturday, February 13, 1999, petitioner filed a motion for authorization to proceed with a successive habeas corpus petition. On February 15, 1999, petitioner supplemented his motion with additional affidavits, and the respondent submitted suggestions in opposition. The court has carefully reviewed the matter, and the application for authorization to file a successive habeas corpus petition is denied. Petitioner's motion for a stay of execution is also denied.

Because the pleadings were filed over the weekend and on President's Day, the court has not been able to prepare a full order setting forth the grounds for the decision.

The panel directed the clerk to issue this order to notify the parties and the Supreme Court of the ruling and to permit the petitioner to pursue other relief without delay. On February 16, 1999, the panel will issue a supplemental order setting forth the grounds for its decision to deny the motion. The mandate shall issue forthwith.

BEAM, Circuit Judge.

This matter came before the Court on petitioner Cox's motion to proceed with a second or successive habeas corpus application in the district court under 28 U.S.C. § 2254. Under 28 U.S.C. § 2244(b)(3)(A), movant must receive our authorization in order for the district court to consider such an application. On February 15, 1999, we entered our order denying Mr. Cox's motion. We now briefly explain our reasoning.

Petitioner who is scheduled to be executed on February 16, 1999, alleges, through counsel, that he has very recently become incompetent and that it would be cruel and unusual punishment and a violation of the Eighth Amendment for the state to put him to death as planned. This constitutional claim is based upon the Supreme Court's holding in *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

Mr. Justice Powell's concurring opinion in *Ford* establishes the relationship between the Eighth Amendment, mental incompetency, and the death penalty. Justice Powell stated, "I would hold that the Eighth Amendment forbids the execution only of those who are unaware of the punishment they are about to suffer and why they are to suffer it." *Ford,* 477 U.S. at 422, 106 S.Ct. 2595. Justice Powell further noted that the state "may properly presume that [a] petitioner remains sane at the time [the] sentence is to be carried out, and may require a substantial threshold showing of insanity merely to trigger [an insanity] hearing process." *Id.* at 426, 106 S.Ct. 2595 (footnote omitted). We believe this presumption and test applies to our consideration of Mr. Cox's current claims.

We have examined petitioner's motion with attached and submitted statements and affidavits and have compared these papers with

the state's response and attached exhibits. Even disregarding the extreme lateness of the motion, we find that Mr. Cox has clearly failed to overcome this presumption of sanity. Indeed, the petitioner's papers barely support a valid assertion of mental incompetence as opposed to the substantial threshold showing of insanity required by *Ford.*

Prior to February 13, 1999, Mr. Cox, who has been represented by the same counsel since 1991 and has advanced numerous claims in several forums, had never tendered any allegation of insanity or mental incompetency. Even as late as petitioner's appearance before the State of Arkansas Clemency Board on February 3, 1999, no such suggestions were made.

In the face of this failure, Mr. Cox now submits several statements of fellow death row inmates recounting what could be termed, at best for Mr. Cox, mostly idiosyncratic behavior occurring from several months to several years ago.

Given the several statements from physicians and others concerning Mr. Cox's very recent and rational behavior submitted by the state, we find that there has been no substantial threshold showing of insanity and incompetence. Thus, there is no likelihood of the occurrence of an Eighth Amendment violation.

Accordingly, we overrule the motion.