# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1574

———————

Roy Roberts,                                        *
                                                    *
          Petitioner,                       *   On Motion for an Order
                                                    *   Authorizing a Second Petition
     v.                                        *   for Writ of Habeas Corpus.
                                                    *
Michael Bowersox,                                   *      [PUBLISHED]
                                                    *
          Respondent.                       *

———————

Submitted:  March 9, 1999
Filed:  March 9, 1999

———————

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

     Missouri inmate Roy Roberts is on death row for the capital murder of a prison guard.  After exhausting state-court remedies, Roberts filed a federal habeas petition in March 1990.  Roberts asserted, among other things, that his Sixth, Eighth, and Fourteenth Amendment rights were violated by prosecutorial misconduct and by ineffective assistance of counsel because his attorney did not object to the prosecutor's characterizations of accomplice liability.  The district court denied relief, and we affirmed, see Roberts v. Bowersox, 137 F.3d 1062 (8th Cir. 1998), cert.denied, 119 S. Ct. 808 (1999).  With his planned execution just a few hours away,

Roberts has now filed a motion seeking our permission to file a second federal habeas petition.  See 28 U.S.C. § 2244(b)(3)(A) (Supp. II 1996).

Roberts wants to raise a claim of actual innocence in a second federal habeas proceeding.  Roberts contends he cannot be executed consistent with the Eighth and Fourteenth Amendments because he is an innocent man who was erroneously convicted.  See Herrera v. Collins, 506 U.S. 390 (1993).  Roberts challenges the reliability of trial testimony by eyewitnesses who said Roberts held the guard while another man stabbed him.  Roberts points out that the eyewitnesses did not describe or mention Roberts in their initial statements to officials, and Roberts's trial attorney only cross-examined one of the eyewitnesses about this fact at trial.  Roberts also says no physical evidence ties him to the guard's death, and Roberts passed a February 1999 polygraph test when denying his involvement in the murder.

A court of appeals may authorize a second federal habeas application only if the application makes a prima facie showing that the application satisfies the requirements of 28 U.S.C. § 2244(b).  See id. § 2244(b)(3)(C).  According to § 2244 (b), "[a] claim presented in a second . . . habeas corpus application . . . that was presented in a prior application shall be dismissed."  Id. § 2244(b)(1).  Claims that were not presented in an applicant's first habeas petition must also be dismissed unless the applicant makes one of two showings.  First, leave to file a second habeas petition may be granted if the applicant shows his new "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. § 2244(b)(2)(A).  Second, an applicant can obtain leave to file a second habeas petition if he shows "the factual predicate for the [new] claim could not have been discovered previously through the exercise of due diligence," id. § 2244(b)(2)(B)(i), and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

factfinder would have found the applicant guilty of the underlying offense," id. § 2244(b)(2)(B)(ii).

Roberts's application does not show it satisfies the requirements of 28 U.S.C. § 2244(b). To the extent Roberts's application reasserts constitutional violations already raised in his first habeas proceeding, § 2244(b)(1) prevents their reconsideration in a second habeas action. Roberts argues this absolute bar is an unconstitutional suspension of the writ of habeas corpus, and he disagrees with the Eighth Circuit's rejection of this argument in Denton v. Norris, 104 F.3d 166, 167 (8th Cir. 1997), and later cases. We cannot as a panel overturn other panels' decisions, however. To the extent Roberts may not have raised his claim of actual innocence before, he cannot satisfy the requirements of § 2244(b)(2), and does not attempt to do so. Roberts does not rely on a new rule of constitutional law, and he has not shown he could not have discovered the factual basis for the claim before through the exercise of due diligence, or that the facts underlying the claim would be enough to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of capital murder.

Because Roberts's application for permission to file a second habeas petition does not meet the requirements of § 2244(b), we deny his application. We also deny his accompanying request to stay his execution "'because there are no substantial grounds on which relief might be granted by this court.'" McDonald v. Bowersox, 125 F.3d 1183, 1186 (8th Cir. 1997) (quoting Wainwright v. Norris, 121 F.3d 339, 341 (8th Cir. 1997)).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-