**Charles N. CHADWICK, Petitioner,**

v.

**Leonard W. GRAVES, Warden, Respondent.**

**No. C 99–4077–MWB.**

United States District Court, N.D. Iowa, Western Division.

July 27, 2000.

Jeffrey M. Lipman, Lipman Law Firm, P.C., Clive, IA, for petitioner.

Robert P. Ewald, Assistant Iowa Attorney General, Des Moines, IA, for respondent.

## WITHDRAWAL OF REFERRAL TO MAGISTRATE JUDGE AND MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS

BENNETT, Chief Judge.

### I. WITHDRAWAL OF REFERRAL

By order dated October 18, 1999, the undersigned referred this petition for *ha-*

*beas corpus* relief pursuant to 28 U.S.C. § 2254, in its entirety, to United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). However, the court finds that it is now appropriate to withdraw that referral. Therefore, the October 18, 1999, referral of this matter to the magistrate judge will be withdrawn and the undersigned will rule upon the respondent's pending motion to dismiss.

## II. ORDER REGARDING MOTION TO DISMISS

### A. Background

Petitioner Charles N. Chadwick filed the present action for *habeas corpus* relief on July 22, 1999.[1] In his petition, Chadwick challenges the legality of his sentence to two concurrent life sentences for first-degree murder. Chadwick contends in this action that his sentences are illegal—that is, imposed in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process—because his trial counsel was not licensed to practice law in Iowa, and consequently all filings by his trial counsel should have been stricken from the record pursuant to IOWA CODE § 602.10111, and that he should have been resentenced, but the Iowa courts have refused to correct the fundamental flaw in his criminal proceedings and the illegal sentence that resulted. He also complains that he was not allowed to be personally present at the hearing after which the Iowa district court refused to correct his illegal sentence.

Chadwick was convicted in 1982 of two counts of first-degree murder after a jury trial. The Iowa Supreme Court affirmed Chadwick's conviction on direct appeal on January 19, 1983. *See State v. Chadwick,* 328 N.W.2d 913 (Iowa 1983) (*"Chadwick (DA)"*). Chadwick filed an application for post-conviction relief in state court at some point thereafter, but the Iowa Court of Appeals affirmed denial of that application in an unpublished decision on April 25, 1989. *See Chadwick v. State,* 446 N.W.2d 818 (Iowa Ct.App.1989) (table op.) (*"Chadwick (PCR)"*). On August 21, 1989, Chadwick filed his first petition for federal *habeas corpus* relief, which was denied on November 20, 1990. That denial was affirmed on appeal. *See Chadwick v. Iowa,* 951 F.2d 863 (8th Cir.1991) (*"Chadwick (1stHC)"*), *cert. denied,* 504 U.S. 922, 112 S.Ct. 1971, 118 L.Ed.2d 571 (1992).

Both the state post-conviction relief application and the first federal *habeas* action asserted ineffective assistance of counsel. During those proceedings, the attorney who represented Chadwick during his trial and direct appeal revealed that, although he was licensed to practice law in Nebraska, he was not licensed to practice law in Iowa at the time he represented Chadwick. *See State v. Chadwick,* 586 N.W.2d 391, 392 (Iowa Ct.App.1998) (*"Chadwick (CS)"*) (affirming denial of motion to correct sentence). However, Chadwick did not raise a claim related to his attorney's qualifications to represent him in either the state post-conviction relief or the first federal

---

1. That is, Chadwick executed his petition on July 22, 1999, and apparently placed it and a partial payment of the filing fee in the prison mail system at that time. *See Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir.1999) (*en banc*) (holding that "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). The petition and partial filing fee were received and docketed on August 3, 1999. Chadwick executed an application to proceed *in forma pauperis* on July 22, 1999, and a request for appointment of counsel on August 9, 1999,

both of which were received and docketed by the Clerk of Court on September 16, 1999. In an initial review order dated September 16, 1999, the court granted the application to proceed *in forma pauperis* and the request for appointment of counsel and further directed the respondent to file an answer to the petition in accordance with the RULES GOVERNING SECTION 2254 CASES. By order dated December 7, 1999, the court directed the Clerk of Court to file supplemental materials to Chadwick's petition, consisting of the petitioner's *pro se* brief in support, inadvertently omitted from the original filing.

*habeas* proceeding. *Id.; see also Chadwick (1stHC),* 951 F.2d at 864 (listing claims on appeal of denial of the first federal *habeas* action).

Chadwick first asserted claims related to his attorney's qualifications in a motion pursuant to Iowa Rule of Criminal Procedure 23(5)(a) filed in August of 1995. *Chadwick (CS),* 586 N.W.2d at 392. In that motion, Chadwick claimed that his sentences were illegal, in that he was effectively denied his Sixth Amendment right to counsel, because his trial counsel was not licensed to practice in Iowa and had not been admitted *pro hac vice. Id.* The Iowa district court denied the motion on July 1, 1996, and the Iowa Court of Appeals affirmed. *Id.*

Chadwick's present action for federal *habeas corpus* relief followed on July 22, 1999. Chadwick contends that the date of the judgment from which he seeks relief in this action was July 1, 1996, the date on which the Iowa district court denied his motion for correction of sentence. On October 12, 1999, in lieu of answering Chadwick's petition, the respondent moved to dismiss it, on the ground that the present petition is a second or successive petition for federal *habeas corpus* relief filed without the authorization of the Eighth Circuit Court of Appeals that is now required by 28 U.S.C. § 2244(b)(3)(A). In the absence of such leave from the appellate court, the respondent contends that this court lacks jurisdiction over Chadwick's petition.

On October 19, 1999, this court granted a motion by Chadwick's court-appointed counsel for an extension of time to resist the respondent's motion to dismiss so that counsel could investigate the question of whether Chadwick had filed a previous federal *habeas corpus* action. On April 20, 2000, Chadwick's counsel notified the court that he anticipated filing an application for leave to file a successive *habeas* petition with the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). Counsel therefore requested another extension of time to resist the respondent's motion to dismiss, this time asserting that leave from the appellate court to pursue a second or successive petition for *habeas corpus* relief would "moot" the respondent's motion to dismiss. The court granted Chadwick until July 21, 2000, to resist the respondent's motion to dismiss.

No leave to file the present petition had been received from the Eighth Circuit Court of Appeals by the deadline for Chadwick's resistance to the respondent's motion to dismiss. Instead, on July 24, 2000, Chadwick filed a *pro se* resistance to the respondent's motion to dismiss, transcribed to typewritten form by counsel from petitioner's handwritten original. In his resistance, Chadwick asserts several reasons for denying the respondent's motion to dismiss. Specifically, Chadwick contends (1) that the requirements of 28 U.S.C. § 2244(b)(3)(A) are not applicable to the present petition, because he had "already entered the arena" before this provision became effective; (2) that the statutory provision applies solely to federal prisoners, not state prisoners, like himself; (3) that his claims survive any procedural bar; (4) that this court has the same authority as the Eighth Circuit Court of Appeals, and thus may itself grant him leave to pursue a second or successive petition for *habeas corpus* relief; and (5) that the present action is not, in fact, a second or successive petition for *habeas corpus* relief attacking his conviction, but is instead an action to correct an illegal sentence, so that no leave pursuant to § 2244(b)(3)(A) was required before Chadwick filed this action.

### B. Legal Analysis

■ Chadwick's present action is, at least temporally, his second federal action for *habeas corpus* relief, since he had previously filed such an action in 1990 and litigated it through appeals. *See Chadwick v. Iowa,* 951 F.2d 863 (8th Cir.1991), *cert. denied,* 504 U.S. 922, 112 S.Ct. 1971, 118 L.Ed.2d 571 (1992). The Anti–Terrorism and Effective Death Penalty Act (AEDPA) " 'changed the conditions under

which second or successive applications [for federal *habeas* relief] may be considered and decided on their merits.'" *Bannister v. Bowersox*, 128 F.3d 621, 621 (8th Cir.1997) (quoting *McDonald v. Bowersox*, 125 F.3d 1183, 1184 (8th Cir.1997)). It also added the following requirement before a second or successive application can be filed or considered by the district court:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). As the Eighth Circuit Court of Appeals has explained, "Under 28 U.S.C. § 2244(b)(3)(A), [a petitioner] must receive our authorization in order for the district court to consider such [a second or successive] application." *Cox. v. Norris*, 167 F.3d 1211, 1212 (8th Cir.1999); *see also Roberts v. Bowersox*, 170 F.3d 815, 815–16 (8th Cir.1999) (outlining the requirements for the court of appeals to grant an application for leave to file a second or successive application).[2] Thus, the statute specifically reposes in the Eighth Circuit Court of Appeals the jurisdiction to decide whether leave to file a second or successive petition should be granted, and this court cannot, as Chadwick contends, decide for itself whether to grant him leave to pursue the present action.

■ Moreover, in the absence of such leave from the appellate court, where required, this district court is without jurisdiction to hear a second or successive *habeas* action. *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir.) (where the petitioner's action pursuant to 42 U.S.C. § 1983 was construed as the functional equivalent of a successive *habeas* action, but the leave required by 28 U.S.C. § 2244(b)(3)(A) had not been requested or

obtained, the district court correctly concluded that it did not have jurisdiction over the action), *cert. denied*, 522 U.S. 1010, 118 S.Ct. 595, 139 L.Ed.2d 431 (1997); *accord Lopez v. Douglas*, 141 F.3d 974, 975–76 (10th Cir.) (where the petitioner failed to obtain the authorization required under § 2244(b)(3)(A), "the district court lacked jurisdiction to decide his unauthorized second petition"), *cert. denied*, 525 U.S. 1024, 119 S.Ct. 556, 142 L.Ed.2d 462 (1998); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Therefore, if leave pursuant to § 2244(b)(3)(A) is required, but has not been granted, this court must dismiss the present petition for lack of jurisdiction.

■ The AEDPA's restrictions on successive *habeas* petitions govern any petition *filed* after the AEDPA's effective date, April 24, 1996. *See Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir.1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)); *accord Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir.1998) ("Habeas petitioners 'presenting a second or successive § 2254 habeas petition are not subject to the new successive habeas provisions unless their successive petitions were filed in the district court after the AEDPA's effective date[.]'") (quoting *Moran v. Stalder*, 121 F.3d 210, 211 (5th Cir.1997)); *Lopez*, 141 F.3d at 975 ("Since Petitioner filed his second § 2254 petition after April 24, 1996, the effective date of the AEDPA, he was required to comply with the Act's relevant provisions and obtain prior authorization from this [appellate] court before filing in

---

**2.** The United States Supreme Court and the Eighth Circuit Court of Appeals have both held that the restrictions on second or successive *habeas* petitions in § 2244(b) are not unconstitutional suspensions of the writ of

*habeas corpus. See Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir.1998); *Denton v. Norris*, 104 F.3d 166, 167 (8th Cir.1997).

the district court."); *but see United States v. Ressler,* 122 F.3d 285, 286 (5th Cir.1997) ("the requirement [in § 2244(b)(3)(A) ] for certification by the Court of Appeals of a successive application under § 2255 does not apply because the petitioner's application was pending on April 24, 1996, the date AEDPA was enacted"). The leave requirement in § 2244(b)(3)(A) applies to second or successive petitions for *habeas corpus* relief under § 2254, "even if [the petitioner's] first petition was filed before the [AEDPA] was adopted." *In re Minarik,* 166 F.3d 591, 599–600 (3d Cir.1999) (citing *In re Hanserd,* 123 F.3d 922, 934 (6th Cir.1997)). Thus, Chadwick's contention that the requirements of § 2244(b)(3)(A) are not applicable to the present action, because he had "already entered the arena," fails. The present action was *filed* on July 22, 1999, well after the effective date of the AEDPA, so that the leave requirement of § 2244(b)(3)(A) applies to the present petition. *Vancleave,* 150 F.3d at 927.

■ Section 2244(b)(3)(A) is unmistakably applicable to state prisoners asserting second or successive *habeas corpus* actions pursuant to 28 U.S.C. § 2254, because the bar to the action, which can be lifted by obtaining leave pursuant to § 2244(b)(3)(A), is stated in § 2244(b)(1) and (b)(2), which explicitly refer to prior actions pursuant to § 2254. Those subdivisions of the statute state that "[a] claim presented in a second or successive habeas corpus application *under section 2254* that *was* presented in a prior application shall be dismissed," *see* 28 U.S.C. § 2244(b)(1) (emphasis added), and that "[a] claim presented in a second or successive habeas corpus application *under section 2254* that *was not* presented in a prior application shall be dismissed unless [it meets specified requirements]." 28 U.S.C. § 2244(b)(2) (emphasis added). *Accord Roberts,* 170 F.3d at 815 (denying an application under § 2244(b)(3)(A) to file a second or successive *habeas* petition pursuant to 28 U.S.C. § 2254 by a state inmate);

*Cox,* 167 F.3d at 1212 (same); *Vancleave,* 150 F.3d at 927 (same). Thus, contrary to Chadwick's contention that the leave provision does not apply to petitions by state prisoners, such as himself, the requirements of § 2244(b)(3)(A) are applicable to the present petition.

■ However, Chadwick also contends that, even if it is second in time, the present action is not, in fact, a "second or successive *habeas* petition," but a motion by a state prisoner to correct an illegal sentence by recourse to the federal courts. Certain *habeas* petitions that are second in time to a prior *habeas* petition nevertheless may *not* be "second or successive" petitions within the meaning of § 2244(b) and the pre-AEDPA principles on which it relies. *See Vancleave,* 150 F.3d at 928. Rather, the Eighth Circuit Court of Appeals found that in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the Supreme Court had "construed § 2244(b) in a manner that avoids an overly literal construction of the term 'second or successive' petition, instead recognizing that some types of 'second' petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions." *Vancleave,* 150 F.3d at 928. For example, the court noted that in *Stewart,* the Supreme Court had concluded that a "second" petition that asserted a claim that was not "ripe" in the first application may escape the scope of § 2244(b). *See id.* (citing *Stewart,* 523 U.S. at 642–43, 118 S.Ct. 1618). However, the court in *Vancleave* concluded that a petition that asserts claims that were adjudicated on the merits in a prior *habeas* action, or that could have been asserted in a prior action, do fall within the requirements for leave to file a second or successive petition stated in § 2244(b)(3)(A). *See id.*

■ Here, it is apparent from Chadwick's prior attacks on his conviction and sentence that he discovered the ground for his present challenge to his "illegal" sentence, the lack of qualifications of his trial

counsel to practice law in Iowa, during his previous federal *habeas* action, but did not include such a claim in that first *habeas* proceeding. *See Chadwick (CS)*, 586 N.W.2d at 392; *see also Chadwick (1stHC)*, 951 F.2d at 864. Thus, this action is indeed a "second or successive" *habeas* petition, to which § 2244(b)(3)(A) is applicable, in that the principal claim asserted could have been asserted in Chadwick's prior federal *habeas* action, but was not. *Vancleave*, 150 F.3d at 928.

 Moreover, Chadwick's contention that the present action is one for "correction of an illegal sentence," not a second or successive petition for federal *habeas* relief, is also without merit. "The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir.1993) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)), *cert. denied*, 512 U.S. 1246, 114 S.Ct. 2768, 129 L.Ed.2d 881 (1994). Thus, "[w]hen a prisoner directly attacks the validity of his sentence, the proper vehicle is a *habeas corpus* action." *Id.* (again citing *Preiser*, 411 U.S. at 486, 93 S.Ct. 1827). Chadwick's assertion that the present action is one to "correct an illegal sentence" plainly places it within the scope of *habeas corpus* relief.

Nor is the present petition saved from "second or successive" status by Chadwick's assertion that the judgment from which he seeks relief is the July 1, 1996, ruling of the Iowa district court denying his motion for correction of sentence. The sentence from which Chadwick seeks re-

lief—the sentence that is purportedly "illegal"—is actually the sentence originally imposed after his conviction in 1982. Thus, both Chadwick's first federal *habeas* petition and the present one attack the same conviction and sentence, and the present action is an unauthorized "second or successive" petition.[3]

Chadwick failed to obtain leave from the Eighth Circuit Court of Appeals before filing the present "second or successive" petition for *habeas corpus* relief, as required by 28 U.S.C. § 2244(b)(3)(A). Therefore, this court is without jurisdiction to hear the case, and the respondent's motion to dismiss will be granted. *See Williams*, 130 F.3d at 336 (in the absence of leave from the appellate court, where required, the district court is without jurisdiction to hear a second or successive *habeas* action).

### III. CONCLUSION

The October 18, 1999, referral of this matter to the magistrate judge is hereby **withdrawn.** The respondent's October 12, 1999, motion to dismiss is **granted.** Chadwick's July 22, 1999, petition for *habeas corpus* relief is **dismissed** for lack of jurisdiction in this court, on the ground that it is a "second or successive application" filed without the leave of the Eighth Circuit Court of Appeals required by 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED.**

---

**3.** The court acknowledges that Chadwick has also asserted claims arising from an alleged denial of his due process rights in the course of the state proceedings in which he sought a correction of his sentence. However, the court concludes that it is for the Eighth Circuit Court of Appeals to determine whether these contentions present a *prima facie* case of an exception to the bar to second or suc-

cessive federal *habeas* petitions stated in § 2244(b)(1) and (2), as required by § 2244(b)(3)(C) in order for leave to file the present action to be granted under § 2244(b)(3)(A). Similarly, whether any of Chadwick's claims escape other procedural bars can only be determined if the petition is allowed.