# IN THE COURT OF APPEALS OF IOWA

No. 3-1250 / 13-0687
Filed February 19, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GARY ELDON TRUEBLOOD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Gary L. McMinimee, Judge.

Defendant appeals from the district court's order overruling his motion for correction of an illegal sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya Reddy, Assistant Appellate Defender, for appellant.

Gary Eldon Trueblood, Fort Dodge, pro se.

Thomas J. Miller, Attorney General, Sharon Hall, Assistant Attorney General, Ricki Osborn, County Attorney, and Jennifer Bonzer, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

Gary Trueblood appeals from the district court's order overruling his motion for correction of an illegal sentence.  He maintains the district court violated his constitutional right by overruling his motion without appointing him counsel.  Because we find the issues raised by Trueblood are not properly described as a challenge to the legality of the sentence, we affirm the district court's order overruling his motion.

**I. Background Facts and Proceedings.**

On September 21, 2011, the State charged Trueblood with six counts of sexual abuse in the second degree and two counts of sexual abuse in the third degree.  Trueblood accepted a plea agreement and pled guilty to two of the counts of sexual abuse in the second degree.  The State dismissed the other six counts.  Per the agreement, the State and Trueblood jointly recommended that he receive indeterminate twenty-five-year prison sentences on each count to be served consecutively for a total indeterminate sentence of fifty years, with a mandatory minimum of seventy percent to be served before obtaining eligibility for parole.  On April 11, 2012, the district court sentenced Trueblood, accepting the joint recommendations of Trueblood and the State.

On March 29, 2013, Trueblood filed a pro se motion for correction of an illegal sentence.  In his motion, Trueblood argued the Iowa Department of Correction's policy[1] pertaining to the sexual offender treatment program was an

---

[1] No copy of the of the department of correction's policy is included in the district court record, but Trueblood's motion alleged that the policy requires sex offender inmates to be within three years of their discharge date before they are allowed to enter the required  sex offender treatment program and that the program then takes three years to

illegal implementation of the court's sentence, as it would require him to discharge his entire fifty-year sentence rather than allowing him to be paroled after serving the mandatory minimum. He also argued the district court's imposition of convictions and sentences on two counts of sexual abuse violated his Fifth Amendment protection against double jeopardy because all of the alleged sexual abuse acts grew out of one continuous criminal offense with one victim. Within the motion, Trueblood also asked the court to appoint counsel.

On April 18, 2013, the district court issued a written order overruling Trueblood's motion. The court did so without appointing Trueblood counsel. Trueblood appeals.

**II. Standard of Review.**

We review de novo a district court decision implicating a defendant's constitutional rights. *State v. Lyman*, 776 N.W.2d 865, 873 (Iowa 2010).

**III. Discussion.**

The Sixth Amendment to the United State Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." "The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004). Although the defendant has a right to counsel, he may choose to waive the right. *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006).

---

complete. Thus, sex offender inmates are required to discharge their entire sentence, rather than allowing them the opportunity to be paroled after serving the mandatory minimum.

Trueblood argues his motion to correct an illegal sentence was a "critical stage of the criminal process." He maintains he did not waive his right to counsel and thus argues the district court violated his constitutional right by failing to appoint him counsel.

Whether a defendant has a constitutional right to have counsel appointed to represent him on a motion to correct an illegal sentence is an issue of first impression. Here, we need not determine the merits of the claim, as even if our supreme court would decide such a right exists, the two issues raised by Trueblood are not properly described as a challenge to the legality of his sentence. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) ("[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims the sentence is outside the statutory bounds or that the sentence itself is unconstitutional.")

Neither of Trueblood's claims states a potential ground for relief from an illegal sentence. Iowa Rule of Criminal Procedure 2.24(5)(a) states, "The court may correct an illegal sentence at any time." Trueblood's challenge to the Iowa Department of Correction's policy regarding when he might be permitted to begin the required sex offender treatment program is a challenge to the department's implementation of his sentence, not the legality of the actual sentence imposed. Thus, relief may not be granted for the wrongful implementation of a sentence via a motion to correct an illegal sentence.

Similarly, Trueblood's second claim—that double jeopardy prevented him from being convicted and sentenced on more than one count of second-degree

sexual abuse because the charges stemmed from a continuing offense involving only one victim—is also not a proper subject for a motion to correct an illegal sentence.[2]  *See* Iowa Code § 822.2(1)(a) (2011); *see also State v. Chadwick*, 586 N.W.2d 391, 392–93 (Iowa Ct. App. 1998) (holding that defendant's motion to correct an illegal sentence that was actually a Sixth Amendment claim should have been filed as part of an application for postconviction relief).  The rule permits sentences to be corrected that are beyond the jurisdiction of the court and are void.  *Tindell v. State*, 629 N.W.2d 357, 359–360 (Iowa 2001).  Here, Trueblood was sentenced to two indeterminate terms of twenty-five years as authorized for second-degree sexual abuse.  Iowa Code §§709.3(2), 902.9(2).  The sentences were imposed consecutively as permitted in the discretion of the court.  *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994).  The terms of the sentences were not illegal or unconstitutional in any respect.

Because we find the issues raised by Trueblood are not properly described as a challenge to the legality of the sentence, we need not address his other issue concerning the appointment of counsel.  We affirm the district court's order overruling his motion.

**AFFIRMED.**

---

[2] We acknowledge the difficulty a self-represented party may face in determining how to raise a particular issue.  We also note that a "label attached to a motion is not determinative of its legal significance" and we must look to the content of the motion "to determine its real nature."  *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988).  We also observe that Iowa Code section 822.6 requires the court, in considering an application for postconviction relief, to take into account substance "regardless of form."  However we decline to consider "substance over form" in these circumstances because Trueblood never argued the "substance over form" principle and his motion was filed and docketed in the underlying criminal action, whereas a postconviction-relief proceeding is a civil action and is docketed as a separate action.  *Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996) ("A postconviction proceeding is a civil action triable at law.").