Jeffrey SLOAN, Petitioner/Appellant,

v.

Michael BOWERSOX,
Appellee/Respondent.

No. 96–1433.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 20, 1996.

Decided Feb. 20, 1996.

Douglas S. Laird, Kansas City, MO, for appellant.

Michael J. Spillane, Asst. Atty. Gen., of Jefferson City, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, and MURPHY, Circuit Judges.

DIANA E. MURPHY, Circuit Judge.

Jeffrey Sloan appeals from the judgment of the district court[1] denying his second petition for habeas corpus relief and his motion for an emergency stay of execution. We affirm.[2]

Sloan raises five claims in his second habeas petition. He argues that trial counsel was ineffective for four reasons: failure to conduct an adequate investigation of mitigating evidence; delivery of an incoherent closing argument; failure to investigate and use a diminished capacity defense; and failure to object to the prosecutor's allegedly improper remarks during closing argument in the penalty phase. Sloan's fifth claim alleges an independent eighth and fourteenth amendment violation based on the prosecutor's closing argument.

All of these claims were also raised in Sloan's first habeas petition. Generally, federal courts will not consider a claim which

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

2. In the interests of justice we grant Sloan's motion to proceed in forma pauperis and the application for a certificate of probable cause.

was raised in an earlier habeas petition. *Sawyer v. Whitley,* 505 U.S. 333, 337–38, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Successive claims can be considered if the petitioner can show actual innocence or cause and prejudice, however. *Id.* at 337–38, 350–52, 112 S.Ct. at 2518, 2525.

Sloan argues that a change in Missouri Supreme Court Rule 29.15 is sufficient to allow review of his claims. Rule 29.15 governs the post conviction process. It replaced Rule 27.26 on January 1, 1988, and was amended effective January 1, 1996. Sloan was one of the first litigants to be considered under the 1988 version. He filed three amended post conviction motions in the circuit court in Missouri, all of which were considered by that court. On review, the Missouri Supreme Court held that the time limits in the 1988 rule were jurisdictional and that therefore Sloan's second and third motions were untimely. As a result, Sloan's claims regarding trial counsel's alleged failure to investigate mitigating evidence and failure to object to the prosecutor's closing argument remarks were considered by the state courts to have been waived. *Sloan v. State,* 779 S.W.2d 580, 581–82 (Mo.1989) (en banc), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990).

In his initial habeas petition, Sloan argued that the time limits in 29.15(b) of the 1988 rule were so short as to be unconstitutional. We did not reach the constitutionality of the deadlines because Sloan fell under a transitional provision of the 1988 rule, 29.15(m). Under that provision Sloan had almost nine months to file his pro se 29.15 motion after the trial transcript was filed in the appeal, rather than the thirty days provided in 29.15(b) for movants sentenced after January 1, 1988. We concluded more than eight months was sufficient time to file the pro se motion. *Sloan v. Delo,* 54 F.3d 1371, 1379–80

(8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 728, 133 L.Ed.2d 679 (1996).

Sloan also argued in his first habeas petition that post conviction counsel had insufficient time to prepare amended motions and that provisions of the 1988 rule were ambiguous. We concluded that there could be no constitutional violation based on insufficient time for counsel because there is no right to post conviction counsel in the first place. *Sloan,* 54 F.3d at 1380. We also concluded that the rule was not sufficiently ambiguous to rise to the level of a constitutional violation. *Id.* at 1380–81.

In his second petition, Sloan argues that the 1996 amendment of Rule 29.15 validates his earlier argument that the rule was overly restrictive and unworkable. Unlike the 1988 rule, the new rule allows the filing of a motion for post conviction relief after the direct appeal is concluded. Sloan argues that the amendment is tacit acknowledgement by the Missouri Supreme Court that the 1988 rule was unworkable and unfair.

■ For the reasons stated in our earlier opinion, however, arguments relating to the deadlines in the 1988 rule are inapplicable to Sloan because the transitional deadlines applied to him. Regardless of the rule's effect on other movants sentenced after January 1, 1988, Sloan had sufficient time and sufficient guidance under the 1988 rule to make the rule an adequate and independent state ground supporting a procedural bar.[3] Because the amendment to the rule does not address the reasoning underlying our earlier decision, the amendment cannot be considered cause for bringing successive claims. Similarly, Sloan has not met the standard of actual innocence set out in *Sawyer v. Whitley,* 505 U.S. 333, 337–48, 112 S.Ct. 2514, 2518–23, 120 L.Ed.2d 269 (1992). We therefore do not reach the merits of Sloan's ineffective assistance of counsel claims regarding the investigation of mitigating evidence and the failure to object to the prosecution's closing argument.

---

**3.** We would in any event be reluctant to consider a change in a state rule of procedure to be evidence that the prior rule was defective. This is especially true here because the 1996 amendment explicitly states that the earlier rule should continue to be applied to movants sentenced before January 1, 1996. Rule 29.15(m) (1996). States should not be discouraged from improving their procedures by any presumption that the prior procedure was infirm.

Sloan's three other claims are also successive. All were rejected by this court during the first habeas action. Trial counsel's failure to investigate and use a diminished capacity defense was not raised by counsel on the 29.15 appeal and was therefore procedurally barred. The claim of improper argument during the prosecution's closing also was procedurally barred because it was not raised as an alleged constitutional violation in the state courts.[4] The ineffective assistance of counsel claim based on the allegedly incoherent closing argument was rejected on the merits.

Sloan has demonstrated neither cause and prejudice nor actual innocence in relation to these claims. His arguments regarding the amendment of Rule 29.15 are inapplicable to these three claims, and we can discern no other persuasive argument in his papers that the claims are not successive. We therefore decline to address their merits.

Accordingly, we affirm the district court's denial of Sloan's second habeas petition. Because we have been able to assess his claims carefully and because there are no "substantial grounds on which relief might be granted" under existing federal law, *Delo v. Blair*, 509 U.S. 823, ——, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993), we also deny Sloan's emergency motion for a stay of execution.

BRIGHT, Circuit Judge, concurring and dissenting.

I concur in the court's decision to grant the motion to proceed in forma pauperis and the application for a certificate of probable cause, but I would grant the motion for a stay of execution to permit further review of Sloan's petition.