# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

————

No. 08-70029

————

DALE LEO BISHOP

Petitioner-Appellant

V.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT
OF CORRECTIONS

Respondent-Appellee

————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04-CV-319

————

Before KING, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Dale Leo Bishop, a prisoner scheduled for execution on July 23, 2008, filed an emergency application for a certificate of appealability ("COA") to appeal the district court's denial of his motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. The district court properly interpreted Bishop's Rule 60 motion as a successive petition for habeas relief, declined to consider the application, and transferred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case to this court. Although Bishop has fashioned his pleading as a request for a COA, we interpret it as a motion for an order authorizing the district court to consider a successive habeas application, in accordance with 28 U.S.C. § 2244(b)(3)(A). He has also requested a stay of execution pending appeal. For the following reasons, we deny his request for an order pursuant to § 2244(b)(3)(A), and we deny his application for a stay of execution as moot.

## I. FACTS AND PROCEEDINGS

The Mississippi Supreme Court affirmed Bishop's conviction and sentence in February 2002 and denied his motion for rehearing in April 2002. See Bishop v. State, 812 So. 2d 934, 937 (Miss. 2002) (en banc). Bishop filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 21, 2002. See Bishop v. Mississippi, 537 U.S. 976 (2002). Bishop then returned to the Mississippi Supreme Court and filed an application for post-conviction habeas relief, alleging eight grounds for relief; the Mississippi Supreme Court denied his application for habeas relief in July 2004. See Bishop v. State, 882 So. 2d 135, 156 (Miss. 2004) (en banc). Bishop then appealed that denial of post-conviction relief to the United States Supreme Court, which denied his petition for a writ of certiorari on February 28, 2005. See Bishop v. Mississippi, 543 U.S. 1189 (2005).

Bishop next sought relief by filing a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi on March 28, 2005, which he amended on October 16, 2005. He alleged thirteen grounds for relief. The district court denied Bishop's petition for habeas relief and entered judgment on August 16, 2007. See Bishop v. Epps, No. 1:04-CV-319, 2007 WL 2363465, at *36 (N.D. Miss. Aug. 16, 2007). The district court also denied Bishop's application for issuance of a COA dated September 13, 2007, in which he raised four claims, including (1) ineffective assistance of post-conviction counsel, (2) ineffective assistance of trial counsel, (3) improper jury instruction,

2

and (4) improper waiver of jury sentencing. Bishop v. Epps, No. 1:04-CV-319, 2007 WL 2727228, at *1, 5 (N.D. Miss. Sept. 17, 2007). Bishop moved for issuance of a COA in this court, raising the same claims he presented to the district court; we denied Bishop's motion on February 11, 2008. Bishop v. Epps, 265 F. App'x 285, 295 (5th Cir. 2008).

On June 30, 2008, Bishop moved for leave to file a successive post-conviction petition in the Mississippi Supreme Court; on July 9, 2008, the court denied Bishop's motion as successive and time-barred, and "[w]ithout waiving the procedural bars," further held that "Bishop has failed to make a substantial showing of the denial of a state or federal right." Bishop v. Mississippi, No. 2008-DR-01122, slip op. at 2 (Miss. July 9, 2008). On July 17, 2008, Bishop then moved under Rule 60 for relief from the district court's August 16, 2007 judgment denying his first habeas petition and moved for a stay of execution pending the disposition of that motion. However, because Bishop "'in effect ask[ed] for a second chance to have the merits determined favorably,'" the district court treated Bishop's Rule 60 motion as a successive habeas application, found that it lacked jurisdiction to consider the motion under 28 U.S.C. § 2244(b)(3)(A), and transferred the case to this court to determine whether a successive habeas petition should be allowed. Bishop v. Epps, No. 1:04-CV-319, slip op. at 2, 5 (N.D. Miss. July 18, 2008) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 n.5 (2005)).

## II. DISCUSSION

As a state prisoner, Bishop is allowed to apply for post-conviction habeas relief under 28 U.S.C. § 2254. Federal law instructs that "[b]efore a second or successive application [for habeas relief under § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[A] Rule 60(b) motion is not to be treated as a successive

3

habeas petition if the motion attacks a defect in the integrity of the federal habeas proceedings and does not raise a new ground for relief or attack the district court's resolution of a claim on the merits." Ochoa Canales v. Quarterman, 507 F.3d 884, 887 (5th Cir. 2007) (citing the Supreme Court's holding in Gonzalez v. Crosby, 545 U.S. 524, 530–32 (2005)).[1]

In order to determine whether the district court properly construed Bishop's Rule 60 motion as a successive petition, we turn to the record. A review of the record reveals that, after affirming Bishop's conviction and sentence, the Mississippi Supreme Court ordered the Mississippi Office of Capital Post-Conviction Counsel ("MOCPCC") to represent him. On April 18, 2003, Robert M. Ryan, the director of MOCPCC, represented Bishop and petitioned the Mississippi Supreme Court for post-conviction relief on Bishop's behalf. After the state court denied Bishop's petition, MOCPCC asked the court to appoint Stephen Eberhardt and Victor Fleitas in connection with federal habeas proceedings. Eberhardt and Fleitas were appointed on October 25, 2004, and, on March 28, 2005, they filed Bishop's first habeas petition in federal court. In that petition, Bishop argued that he received ineffective assistance of counsel during state post-conviction proceedings; specifically, he argued that

---

[1] Bishop argues that Rule 60(b) is the proper procedural vehicle for his claim. He contends that the district court incorrectly concluded in its ruling on Bishop's original habeas petition that the state court would apply a state procedural bar to Bishop's unexhausted claims. See Ruiz v. Quarterman, 504 F.3d 523, 526–27 (5th Cir. 2007). This argument fails at the threshold because upon Bishop's recent return to state court, the Mississippi Supreme Court did apply a state procedural bar to Bishop's previously unexhausted claims. See Bishop v. Mississippi, No. 2008-DR-01122-SCT, at 2 (Miss. July 9, 2008) ("The Court finds that Bishop's motion is procedurally barred as a successive writ and Bishop does not meet any of the exceptions to the bar.").

As we explained in Ruiz: "The federal court below would have had no federal claim before it if . . . the [court] applied an independent and adequate state law ground to deny relief. Moreover the petition would then have been successive and Rule 60 would not allow Ruiz to escape the successive writ limits of AEDPA." 504 F.3d at 527. Here, the Mississippi Supreme Court applied an independent and adequate state law ground to deny Bishop relief. Therefore, Rule 60(b) does not allow Bishop to escape the successive writ limits of AEDPA.

Mississippi's statute of limitations for filing post-conviction petitions rendered "counsel . . . unable to properly investigate and prepare a complete presentation of Petitioner's claims of deprivation of federal constitutional rights to the Mississippi Supreme Court." He acknowledged that his claim had not been presented to the Mississippi Supreme Court, and that the U.S. Constitution guaranteed no right to effective assistance of counsel during post-conviction proceedings. He argued, however, that Mississippi law recognized that right and that the ineffectiveness of his counsel demonstrated cause sufficient to allow review of his defaulted claims. The district court found that his claim was not cognizable on federal habeas review. See Bishop v. Epps. No. 1:04-CV-319, 2007 WL 2363465, at *35 (N.D. Miss. Aug. 16, 2007). After the district court denied Bishop's request for a COA to appeal its decision, we considered the same issue in Bishop's request in this court for a COA and held that "[b]ecause Bishop has no right to counsel in post-conviction proceedings, he can allege no unconstitutional denial of the effective assistance of post-conviction counsel." Bishop v. Epps, 265 F. App'x 285, 290 (5th Cir. 2008) (citing 28 U.S.C. § 2254(i); Wainwright v. Torna, 455 U.S. 586, 587–88 (1982)). In early June 2008, James Craig was appointed through the MOCPCC to represent Bishop. On June 30, 2008, Craig filed a successive state habeas petition on Bishop's behalf, which was denied by the Mississippi Supreme Court on July 7, 2008. He then filed on Bishop's behalf a Rule 60 motion for relief from judgment in the district court on July 17, 2008.

In his Rule 60 motion before the district court, Bishop again challenges the effectiveness of his state post-conviction counsel. It appears at first glance that Bishop's claims for ineffective assistance of counsel in his first federal habeas petition and his Rule 60 motion are identical and, therefore, may be subject to dismissal. See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in

a prior application shall be dismissed."). However, the basis for his claim in his first federal habeas petition centered on Mississippi's passing of a rule that shortened the limitations period for filing state habeas petitions. Bishop argued that the shortened timeframe did not allow Ryan, his state post-conviction counsel, time to prepare effectively. Here, Bishop argues that Ryan willfully disregarded material that may have been germane to his state habeas petition and failed to obtain expert analysis of his possible mental or behavioral issues. Therefore, because Bishop's Rule 60 motion lists a new claim for ineffective assistance of post-conviction counsel which challenges his conviction and sentence—and does not simply seek to cure a procedural defect—the district court correctly treated the Rule 60 motion as a successive habeas petition under Gonzales and Ochoa Canales.

"The court of appeals may authorize the filing of a second or successive [habeas] application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). According to § 2244(b),

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Bishop does not rely on a new rule of constitutional law to justify an order allowing his successive petition. Rather, he argues that, until recently, he had no opportunity to discover Ryan's incompetence during state post-conviction proceedings. But, as we observed when we denied Bishop's request for a COA to appeal the denial of his first federal habeas petition, federal law prohibits his claim: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. 2254(i); see also Matchett v. Dretke, 380 F.3d 844, 849 (5th Cir. 2004) (per curiam) ("[A] state prisoner may not cite the ineffective assistance of state habeas counsel as cause for a procedural default even for cases involving constitutional claims that can only be raised for the first time in state post-conviction proceedings." (internal quotations omitted)). Therefore, allowing the district court to consider a successive habeas petition which states a claim that is not cognizable would be futile.

Our decision is final and resolves the issue entirely. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

## IV. CONCLUSION

Bishop's emergency motion for a COA, which we have construed as a motion for an order authorizing the district court to consider a successive habeas application in accordance with 28 U.S.C. § 2244(b)(3)(A), is DENIED. His request for a stay of execution pending appeal is DENIED as moot.