# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2684

_____

John T. Moss,                            *
                                         *
          Petitioner,                    *
                                         *    Application for Permission
     v.                                  *    to File a Successive
                                         *    Habeas Petition.
Ray Hobbs, Director, Arkansas            *
Department of Correction,                *         [UNPUBLISHED]
                                         *
          Respondent.                    *

_____

Submitted: October 20, 2011
Filed: October 24, 2011

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


     Arkansas prisoner John T. Moss seeks authorization to file a successive 28 U.S.C. § 2254 petition challenging his convictions for capital murder and attempted capital murder. See Moss v. State, 655 S.W.2d 375 (Ark. 1983) (affirming convictions). We deny authorization because Moss's application does not satisfy the statutory requirements for authorizing a successive § 2254 petition.

     In 1988, Moss filed his first § 2254 petition claiming his constitutional rights were violated because of alleged juror bias, prosecutorial misconduct, an improper

burden shift regarding an element of the offense, and the lack of sufficient evidence to support his conviction. The district court denied the petition on the merits, and we affirmed the denial. See Moss v. Lockhart, 971 F.2d 77 (8th Cir. 1992). After Moss unsuccessfully sought state habeas relief, he filed a second § 2254 petition. The district court dismissed the petition because Moss did not have this court's authorization to file it. See 28 U.S.C. § 2244(b)(3)(A) (authorization requirement).

Moss now seeks our authorization to raise claims that (1) his attorney was ineffective for failing to fully investigate and to present evidence about Moss's mental health history, (2) the trial court violated his due process rights by failing to provide a state psychiatrist with Moss's prior medical records, which the psychiatrist needed to form an opinion, (3) he could have made a preliminary showing of insanity absent those errors, (4) he was illegally sentenced due to counsel's ineffective assistance and trial court error, and (5) the prosecutor committed misconduct at trial by alluding to inadmissible evidence--Moss's prior possession of a gun. Except for the prosecutorial misconduct claim, Moss did not raise his proposed claims in his first § 2254 petition. See Moss, 971 F.2d at 81.

Authorization to file a successive § 2254 petition may be granted only if the prisoner did not present the proposed claim in an earlier § 2254 petition and the prisoner shows the claim relies on either (A) a new, previously unavailable rule of constitutional law made retroactively applicable to cases on collateral review by the Supreme Court, or (B) a previously undiscoverable factual predicate showing by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2). We conclude Moss has failed to satisfy this standard with respect to any of his claims.

First, Moss cites no new, retroactively applicable rule of constitutional law in support of his claims. Moss relies heavily on Ake v. Oklahoma, 470 U.S. 68 (1985)

(due process requires that when defendant shows sanity at time of offense will be significant factor at trial, state must assure access to competent psychiatrist to conduct appropriate examination and assist in defense). Ake was decided in 1985, however, and thus was available to Moss when he filed his first § 2254 petition in 1988. See 28 U.S.C. § 2244(b)(2)(A). Second, the factual predicates for the claims, which allege errors that occurred pretrial, during trial, and during sentencing, existed before Moss filed his first § 2254 petition. See 28 U.S.C. § 2244(b)(2)(B)(i). Indeed, Moss's application states that before his trial, he informed his attorney of his "complete history of his mental problems and treatment," of "his dependence on psychotropic medication to function," and of recent theft charges against him being dropped because of the results of a mental evaluation. Cf. Ward v. Norris, 577 F.3d 925, 933-34 (8th Cir. 2009) (Rule 60(b) claim of incompetency was successive ineffective-assistance claim where factual support for incompetency available to earlier habeas counsel). Moss also states he was medicated before trial and able to assist in his defense. Moss does not assert that mental incapacity prevented him from presenting his current claims at the time of his first § 2254 petition. Last, Moss's prosecutorial misconduct claim must be dismissed because it was presented in his first § 2254 petition. See 28 U.S.C. § 2244(b)(1).

Because Moss has failed to show his proposed new claims rely on previously unavailable law or facts, we deny him authorization to file a successive § 2254 petition.

_____